## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

___

UNITED STATES OF AMERICA,          Criminal No. 09-341 (RHK/JSM)

    Plaintiff,

                                                    **PRELIMINARY ORDER**
v.                                       **OF FORFEITURE**

OLAYEMI LATEEF BANJOKO (8), and
IDOWU AYINLA SADIQ (10),

    Defendants.

___

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and the following Defendants: Olayemi Lateef Banjoko and Idowu Ayinla Sadiq; on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(A), 982(a)(2)(B) and 1029(c)(1); and on the Court's determination that, based on the Plea Agreement entered into by the defendant and based on all of the files and records of this proceeding, the government has established the requisite nexus between such property and the offense to which the defendant has pled guilty,

**IT IS HEREBY ORDERED** that:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(A), 982(a)(2)(B), and 1029(c)(1)(C):

   a. $881.00 in U.S. Currency;

   b. Gents Movado Watch Meito Model, serial 8991587;

   c. Samsung Television with Remote, Model# LN40A330J1D, Serial# AKZ63PQ301755A;

   d. 2005 Honda Accord, VIN 1HGCM56185A143862;

   e. Ladies Raymond Weil Shine Watch, #1502-ST142001 with Diamond Bezel;

   f. Gents 2 Tone Movado Vizio Watch with Bracelet in black box;

   g. Ladies Gold Tone Gucci Watch with Black Strap in Brown Box;

   h. Ladies Stainless Raymond Weil Parsifal Watch, Mother of Pearl Dail with Diamond;

   i. Ladies Yellow Plated Gucci Wrist Watch with Red Strap in Green Box;

   j. Ladies Rado Diastar Jubilee Watch in Black Box;

   k. Ladies Silver and Gold Philippe Charriol Watch with Cable Bracelet in purple box; and

   l. Ladies Stainless Movado Vizio Watch with Genuine

Diamonds in Bezel.

2. the Attorney General or his authorized designee may seize the foregoing property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

3. the United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1) publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

4. pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

5. following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

6. this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: August 19, 2010

                                          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge